**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISAI RODRIGUEZ HERNANDEZ,<br>Petitioner,<br>v.<br>SECRETARY OF HOMELAND SECURITY, et al.,<br>Respondents. | Case No. ED CV 26-3747 FMO (JDE)<br><br>**ORDER RE: FINDINGS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636 and General Order 05-07, the Court has reviewed de novo all the briefing related to the Petition and the Magistrate Judge's Report and Recommendation (Dkt. 14, "R&R"), which recommends granting the Petition in part by ordering respondents to provide petitioner with a bond hearing. (See id. at 9). Petitioner filed objections to the relief recommended in the R&R, contending that immediate release is warranted. (See Dkt. 15, "Objections" at 6-9).

It is undisputed that petitioner is being held under 8 U.S.C. § 1226(a). (See Dkt. 14, R&R at 6) ("Petitioner . . . is not an 'applicant for admission' subject to 8 U.S.C. § 1225(b)(2(A), and no party contends that Section 1226(c) applies. His detention is therefore governed by Section 1226(a)[.]"). Section 1226(a) "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings[.]" Jennings v. Rodriguez, 583 U.S. 281, 289, 138 S.Ct. 830, 838 (2018). Specifically, § 1226(a) provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General –
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on –
>
> > (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> >
> > (B) conditional parole[.]

8 U.S.C. § 1226(a). The R&R relies on the presence of an administrative warrant to justify lawful detention under § 1226(a). (See Dkt. 14, R&R at 6) (noting that the Form I-213 reflects that petitioner was arrested pursuant to an administrative warrant ("Form I-200") and was, thus, "lawfully arrested pursuant to a warrant"). However, petitioner disputes the existence of an administrative warrant, stating that the "warrant was NEVER show to him, or ever served[.]" (See Dkt. 15, Objections at 5) (emphasis in original). Petitioner also notes that "[r]espondents did not attach a [Form I-200] in their answer[.]" (Id.).

The court ordered respondents to provide a certified copy of the administrative warrant and warned that "[f]ailure to provide a certified copy of the administrative warrant will be construed as a concession that the warrant does not exist." (See Dkt. 16, Court's Order of September 23, 2026). As of the date of this Order, respondents have not provided a certified copy of the administrative warrant. (See, generally, Dkt.). The failure to provide a certified copy of the administrative warrant raises doubts as to the basis for petitioner's detention and whether petitioner was provided notice of the basis for his detention. This constitutes a violation of petitioner's procedural due process rights. See, e.g., Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility, 2026 WL 2294963, *2 (E.D. Cal. 2026) (finding a violation of due process when "the unauthenticated I-213 Form related to respondent's initial encounter with petitioner indicate[d] that he [was] issued a (I-862/I-200) Notice To Appear/Warrant of Arrest," and "respondent fail[ed] to provide either the notice to appear [or] a warrant of arrest") (internal

quotation marks omitted); Argueta Vasquez v. Warden, 2026 WL 2389284, *1 (E.D. Cal. 2026) (ordering immediate release where respondents "did not file a copy of the Form I-200 and there [was] no evidence in the record that respondents ever obtained a § 1226(a) warrant for petitioner's arrest"); Meza Patraca v. Andrews, 2026 WL 2568905, *1 (E.D. Cal. 2026) ("[R]espondent's failure to detain petitioner in compliance with the procedures required by § 1226(a) support his immediate release.").

As to the relief warranted, a custody re-determination hearing constitutes post-deprivation relief, which has no bearing on whether respondents provided the requisite pre-deprivation relief. See Chicoze-Ezechi v. Noem, 2026 WL 265733, *2 (W.D. Wash. 2026) ("The Court also finds while Petitioner may request a bond hearing, a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty."); see also Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 105 S.Ct. 1487, 1493 (1985) ("[T]he root requirement of the Due Process Clause [is] that an individual be given an opportunity for a hearing before he is deprived of any significant [protected] interest.") (internal quotation marks omitted). Accordingly, "Petitioner's receipt of a post-deprivation bond hearing does not displace his entitlement to pre-deprivation procedural protections[,]" Baran v. Bowen, 2026 WL 1048225, *3 (C.D. Cal. 2026), and therefore release from detention is warranted.

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. The R&R's findings, conclusions, and recommendations are accepted and rejected as set forth in this Order.

2. Petitioner's Petition for Writ of Habeas Corpus **(Document No. 1)** is **granted in part** as set forth in this Order. The Petition is granted as to petitioner's procedural due process claim.

3. Respondents shall release petitioner Isai Rodriguez Hernandez (A# 208-009-604) forthwith with all personal effects seized from petitioner, including all identification documents and immigration documentation. Respondents shall not impose any release restrictions (e.g.,

electronic monitoring) on petitioner that were not in place prior to petitioner's arrest or detention in this case unless deemed necessary at a future pre-deprivation bond hearing.

4. Respondents shall provide petitioner with a copy of this Order at or near the time of release.

5. Respondents shall file with the court a Notice of Compliance within three (3) calendar days following the filing date of this Order.

6. Respondents shall not re-detain petitioner absent at least seven (7) days individualized notice describing the change in circumstances necessitating petitioner's arrest and/or detention, and a pre-deprivation bond hearing before a neutral decisionmaker at which the government bears the burden of proving petitioner is a flight risk or a danger to the community, and that there are no combination of conditions that will reasonably assure petitioner's appearance and/or the safety of any other person in the community. If petitioner is again placed into detention in this District following proceedings in this case, respondents shall not transfer or remove petitioner from this District unless executing a final order of removal issued against petitioner.

7. Judgment shall be entered accordingly.

Dated this 23rd day of October, 2026.

/s/

Fernando M. Olguin
United States District Judge